UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| TRISTIN C. HICKS & | ) | |
| PARISSA A. BOSTON, | ) | |
| | ) | |
| DEBTORS. | ) | CASE NO.  15-26479 |
| _____ | ) | |
| PATRICK S. LAYNG | ) | |
| UNITED STATES TRUSTEE, | ) | ADV. NO. |
| | ) | |
| PLAINTIFF, | ) | |
| v. | ) | |
| | ) | |
| TRISTIN C. HICKS & | ) | |
| PARISSA A. BOSTON, | ) | |
| | ) | |
| DEFENDANTS. | ) | HON. JACK B. SCHMETTERER |

**COMPLAINT OBJECTING TO DEBTORS'
DISCHARGES AND FOR OTHER RELIEF**

Patrick S. Layng, the United States Trustee for the Northern District of Illinois, by and through his attorney, Ha M. Nguyen, hereby requests that the Court enter an order denying the discharges of Tristin C. Hicks and Parissa A. Boston pursuant to §§ 727(a)(2) and 727(a)(4) of the Bankruptcy Code, 11 U.S.C. § 101, *et seq*. As and for his complaint, the United States Trustee respectfully states to the Court as follows:

**JURISDICTION**

1.  Plaintiff, Patrick S. Layng, is the duly appointed United States Trustee for the Northern District of Illinois (the "U.S. Trustee") and is charged with supervising the administration of bankruptcy cases pursuant to 28 U.S.C. § 586.

1

2. The U.S. Trustee maintains his principal place of business at 219 S. Dearborn St., Room 873, Chicago, Illinois, within this district. The U.S. Trustee has standing to bring this complaint pursuant to 11 U.S.C. § 307.

3. The U.S. Trustee files this adversary proceeding pursuant to the authority granted to him under 11 U.S.C. § 727(c).

4. Tristin Hicks and, his wife, Parissa Boston are the debtors in the underlying bankruptcy case.

5. Tristin Hicks and Parissa Boston's address of record is 8 Iowa, Apt 2M, Oak Park, IL 60302.

6. This Court has jurisdiction to hear and determine this proceeding pursuant to 28 U.S.C. § 157 and IOP 15(a) and LR 40.3.1 of the United States District Court for the Northern District of Illinois.

7. Venue of this proceeding is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND

### I. The Defendants' Bankruptcy Case

8. The Defendants, Tristin C. Hicks and Parissa A. Boston (hereinafter "Mr. Hicks," "Ms. Boston" or collectively referred as the "Defendants"), filed a voluntary petition (the "Petition") for relief under Chapter 7 of the Bankruptcy Code on August 3, 2015 (the "Petition Date"). (A copy of the Petition is attached as Exhibit A.)

9. The Defendants were represented by Anthony J. Kudron, Esq., Janna L. Quarless, Esq., and John P. Wonais, Esq., of the Semrad Law Firm (collectively "the Semrad Law Firm").

2

10. Accompanying their Petition, the Defendants filed their Statement of Financial Affairs (the "SOFA") and Schedule A, B, C, D, E, F, G, H, I, and J. (Copies of Schedule A, B, C, D, E, F, G, H, I, and J are attached as <u>Exhibit B</u>; a copy of the SOFA is attached as <u>Exhibit C</u>.)

11. Contemporaneous with the filing of their Petition, the Defendants filed their Declaration Concerning Debtor's Schedules (the "First Declaration") in which they declared, under penalty of perjury, "[they] read the foregoing summary and schedules, consisting of 25 sheets, and that they are true and correct to the best of [their] knowledge, information, and belief." (A copy of the First Declaration is attached as <u>Exhibit D</u>.)

12. On September 11, 2015, the Defendants filed Amended Schedule B and C. (Copies of the Amended Schedule B and C are attached as <u>Exhibit E</u>.)

13. Contemporaneous with the filing of Amended Schedule B and C, the Defendants filed their Declaration Concerning Debtor's Schedules – Amended (the "Second Declaration") in which they declared, under penalty of perjury, "[they] read the foregoing summary and schedules, consisting of 25 sheets, and that they are true and correct to the best of [their] knowledge, information, and belief." (A copy of the Second Declaration is attached as <u>Exhibit F</u>.)

14. In their Amended Schedule B, the Defendants represented that, as of the Petition Date, they had an interest in 7 checking, savings or other financial accounts with balances totaling $34.00. *See* <u>Exhibit E</u>, Line 2.

15. In their Amended Schedule B, the Defendants represented that, as of the Petition Date, they owned household goods and furnishings with an aggregate value of $500.00. *See* <u>Exhibit E</u>, Line 4.

3

16. In their Amended Schedule B, the Defendants represented that, as of the Petition Date, they owned wearing apparels with an aggregate value of $700.00. *See* Exhibit E, Line 6.

17. In their Amended Schedule B, the Defendants represented that, as of the Petition Date, they did not own any furs and jewelry. *See* Exhibit E, Line 7.

18. In their Schedule F, the Defendants represented that, as of the Petition Date, creditor Comenity Bank/Harlem Furniture held an unsecured nonpriority claim in the amount of $6,514.00. The account with Comenity Bank/Harlem Furniture was opened on June 2, 2015. *See* Exhibit E at Page 13.

19. In their Schedule F, the Defendants represented that, as of the Petition Date, creditor Weisfield Jewelers/Sterling Jewelers Inc. held an unsecured nonpriority claim in the amount of $3,560.00. The account with Weisfield Jewelers/Sterling Jewelers Inc. was opened on June 1, 2015. *See* Exhibit E at Page 18.

20. In their SOFA, the Defendants represented that they had not made any gifts or contributions with an aggregate value in excess of $200 within the one (1) year preceding the Petition Date. Exhibit C at Page 3, Question 7.

21. David P. Leibowitz (the "Case Trustee") was appointed as the Chapter 7 Trustee in the Defendants' bankruptcy case and a meeting pursuant to 11 U.S.C. § 341 (the "341 Meeting") was scheduled for September 16, 2015.

22. On September 16, 2015, the Defendants appeared for the 341 Meeting.

23. On September 18, 2015, the Case Trustee filed a no-asset report.

24. On November 12, 2015, the U.S. Trustee filed his Motion for Rule 2004 Examination of the Debtors and Other Parties.

25. On November 19, 2015, the Court granted the U.S. Trustee's Motion for Rule 2004 Examination of the Debtors and Other Parties.

26. On March 9, 2016, the U.S. Trustee conducted a 2004 examination of Ms. Boston (the "Boston Examination"), who appeared with her attorneys from the Semrad Law Firm.

27. On March 11, 2016, the Defendants' attorneys, the Semrad Law Firm, filed a Motion to Withdraw as Attorney.

28. On March 15, 2016, the Court entered an order allowing the Semrad Law Firm to withdraw from the bankruptcy case.

29. On March 17, 2016, the U.S. Trustee conducted a 2004 examination of Mr. Hicks, who appeared *pro se* at the examination.

30. On March 22, 2016, the Semrad Law Firm produced the Defendants' intake form to the U.S. Trustee. (A copy of the July 31, 2015 intake form is attached as Exhibit H.)

**II.  The 341 Meeting**

31. On September 16, 2015, the Case Trustee conducted a 341 Meeting.

32. The Defendants appeared at the 341 Meeting with Anthony Kudron, Esq. (A transcript of the 341 Meeting of Creditors is attached as Exhibit G.)

33. The Case Trustee asked the Defendants, "[d]o your bankruptcy petition and those schedules show all of your assets and all of your debts?" *See* Exhibit G at 4:9-13. The Defendants answered "yes." *Id*.

34. Following the Defendants' representation at the 341 Meeting that their Petition and Schedules were true and correct, the Case Trustee filed a no-asset report.

35. Upon information and belief, the Defendants concealed assets with an intent to hinder, delay or defraud their creditors and knowingly made false oaths to the Case Trustee at the 341 Meeting.

### III. The Undisclosed Jewelry

36. On January 14, 2016, the U.S. Trustee received documents from Sterling Jewelers Inc. (the "Sterling Statement").

37. The Defendants' Sterling Statement shows that the Mr. Hicks purchased 14 carat white gold diamond earrings on March 18, 2014.

38. The Defendants' Sterling Statement shows that the 14 carat white gold diamond earrings have a retail value of $4,539.00.

39. Upon information and belief, the Defendants owned the 14 carat white gold diamond earrings as of the Petition Date.

40. The Defendants' Sterling Statement shows that Mr. Hicks purchased a Movado Series 800 Watch and a Movado Bold Watch on December 29, 2014.

41. The Defendants' Sterling Statement shows that the Movado Series 800 Watch has a retail value of $995.00 and Movado Bold Watch has a retail value of $650.00.

42. Upon information and belief, the Defendants owned the the Movado Series 800 Watch as of the Petition Date.

43. Upon information and belief, the Defendants failed to disclose the transfer of the Movado Bold Watch to Tiffany Willis[1] on their SOFA.

---

[1] Mr. Hicks testified at the Hicks Examination that he gave the Movado Bold Watch to Tiffany Willis in December of 2014. Tiffany Willis is an ex-girlfriend of Mr. Hicks.

6

44. The Defendants' Sterling Statement shows that Ms. Boston purchased a 14 carat white gold diamond Neil Lane Bridal Set and a 10 carat white gold Frederick Goldman Wedding Band on June 30, 2015.

45. The Defendants' Sterling Statement shows that the Neil Lane Bridal Set has a retail value of $2,599 and the Frederick Goldman Wedding Band has a value of $689.

46. Upon information and belief, the Defendants owned the Neil Lane Bridal Set and the Frederick Goldman Wedding Band as of the Petition Date.

**IV. The 2004 Examinations**

47. At the outset of the Boston Examination, Ms. Boston testified that she understood that when the Petition and Schedules were filed, that the she and Mr. Hicks were required to list all assets and liabilities.

48. Ms. Boston testified that Schedule B correctly reflected that the Defendants' owned household furniture in the amount of $500.00 as of the Petition Date.

49. Only after Ms. Boston was confronted with the claim from Harlem Furniture in the amount of $6,514.00 on Schedule F did Ms. Boston revealed that the Defendants owned several other items from Harlem Furniture. Ms. Boston testified that the Defendants owned sectional couches which were valued at $2,300.00.

50. Ms. Boston acknowledged at the Boston Examination that the couches were not listed on Schedule B.

51. Mr. Hicks testified at the Hicks Examination that the Defendants owned two couches, a bed, two dressers, kitchen table, a lamp, a painting, and a rug.

52. The Defendants' Schedule F indicated that the furniture was purchased from Harlem Furniture in June of 2015; approximately two months prior to the filing of the bankruptcy case.

53. Ms. Boston testified that Schedule B correctly reflected that the Defendants did not own any fur or jewelry as of the Petition Date.

54. Only after Ms. Boston was confronted with documents and information from Sterling Jewelry Inc. did she revealed that the Defendants purchased wedding rings, valued together at $3,700.

55. Ms. Boston purchased the wedding rings in July of 2015; approximately 1 month prior to the filing of the bankruptcy case.

56. The U.S. Trustee presented Ms. Boston with other credit statements from Sterling Jewelry which indicated several other purchases: (1) a 14 carat white gold diamond earrings; (2) a Movado Series 800 Watch; and (3) Movado Bold Watch.

57. The Defendants did not accurately and completely disclose their ownership of the Neil Lane Bridal Set, the Frederick Goldman Wedding Band, 14 carat white gold diamond earrings, a Movado Series 800 Watch, and a Movado Bold Watch on Schedule B.

58. The Defendants did not accurately and completely disclose their ownership of the Neil Lane Bridal Set, the Frederick Goldman Wedding Band, 14 carat white gold diamond earrings, a Movado Series 800 Watch, and a Movado Bold Watch at the 341 Meeting.

59. Ms. Boston testified that Schedule B correctly reflected that the Defendant owned clothing in the amount of $700 as of the Petition Date.

60. Mr. Hicks later testified that he owned more than $3,000 in clothing and apparels since he is employed by Nordstrom as a salesman.

61. The Defendants did not accurately and completely disclose their interest in wearing apparels on Schedule B.

62. The Defendants did not accurately and completely disclose their interest in wearing apparels at the 341 Meeting.

63. Further, the Defendants testified to five inconsistent and different explanations as to the omission of the assets on their Schedules and at the 341 Meeting:

   a. The furniture was held in storage; therefore the Defendants did not believe that they had to list the assets on Schedule B;

   b. The Defendants did not own the furniture or jewelry since the Defendants were still making payments to their credit cards;

   c. The Defendants disclosed the furniture, clothing, and jewelry to their attorneys, but were advised by Anthony Kudron, Esq. to omit the assets from Schedule B and at the 341 Meeting.

   d. The Defendants disclosed the jewelry to their attorneys, who then disclosed the jewelry to the Case Trustee.

   e. The Defendants disclosed their ownership of the jewelry, clothing and furniture on their Schedules, but their attorneys filed Schedules that were inaccurate and incomplete.

64. Subsequent to the 2004 Examinations, the Semrad Law Firm produced the Defendants' intake form to the U.S. Trustee. The intake form, at page 3, inquired whether the Defendants owned anything of value that exceeds $1,000 or more.

65. The Defendants concealed their ownership in the jewelry, clothing, or furniture on the intake form. *See* Exhibit H.

## COUNT I – THE DEFENDANT CONCEALED PROPERTY OF THE ESTATE

66. The U.S. Trustee realleges and incorporates herein the allegations contained in paragraph 1 through 65.

67. Section 727(a)(2) provides, in part, that the court shall grant a debtor a discharge unless the debtor, with intent to hinder, delay, or defraud a creditor of an officer of the estate, has transferred or concealed (A), property of the debtor, within one year before the date of the filing of the petition, or (B), property of the estate after the date of the petition.

68. The Defendants, through their false responses to Question 4, Question 6, and Question 7 on Schedule B, concealed their interest in furniture, wearing apparel, and jewelry.

69. The Defendants, through their false response Question 7 of the SOFA, concealed the transfer of a Movado Bold Watch to Tiffany Willis.

70. Based on, among other things, the Defendants' failure to fully disclose all assets, including substantial furniture, clothing, and jewelry in their Schedules and at the 341 Meeting, the U.S. Trustee believes and alleges that the Defendants, with the intent to hinder, delay or defraud, either transferred or concealed (A), property of the Debtor within one year before the date of the filing of the petition, or (B), property of the estate after the date of the filing of the petition.

**WHEREFORE**, the U.S. Trustee respectfully asks the Court to deny the Defendant's discharges pursuant to § 727(a)(2) of the Bankruptcy Code and for such other relief as is just.

## COUNT II – THE DEFENDANTS MADE FALSE OATHS AND ACCOUNTS

71. The U.S. Trustee realleges and incorporates herein the allegations contained in paragraph 1 through 70.

72. Section 727(a)(4)(A) provides that the court shall grant a debtor a discharge unless the debtor has knowingly and fraudulently made a false oath or account in connection with a case.

73. The U.S. Trustee believes and alleges that the Defendants' statements in the First Declaration, the Second Declaration, at the 341 Meeting, and at the 2004 Examinations that all the information in their Schedules were true and correct, and their failure to fully disclose furniture, jewelry, and clothing on their Schedule B, and other statements, were knowing and fraudulent false oaths in connection with their bankruptcy case.

74. Further, the Defendants' multiple and conflicting explanations, made at the 2004 Examinations, as to the omission of the assets on their Schedules and at the 341 Meeting were knowing and fraudulent false accounts in connection with their bankruptcy case.

**Wherefore**, the U.S. Trustee respectfully asks the Court to deny the Defendants' discharges pursuant to § 727(a)(4)(A) of the Bankruptcy Code and for such other relief as is just.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE

DATED: May 25, 2016            BY: /s/ *Ha M. Nguyen*
                                Ha M. Nguyen,
                                Trial Attorney
                                U.S. Department of Justice
                                Office of the United States Trustee
                                219 S. Dearborn Street, Room 873
                                Chicago, Illinois 60604
                                (312) 886-3320